**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 21-23114-CIV-SCOLA/GOODMAN**

ISOLA CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE CO.,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

In this breach of contract case, Plaintiff Isola Condominium Association, Inc., filed a motion to strike all of Defendant Rockhill Insurance Company's eighteen affirmative defenses. [ECF No. 12]. Defendant filed a response [ECF No. 18] and Plaintiff filed a reply [ECF No. 21].

United States District Judge Robert N. Scola referred Plaintiff's motion to the Undersigned for a Report and Recommendations. [ECF No. 14].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to strike Defendant's affirmative defenses.

## I.     Background

Defendant, an insurance company, entered into an insurance contract with Plaintiff. Under the terms of the policy, Defendant provided Plaintiff with building insurance from April 11, 2017 through May 31, 2018. Plaintiff alleges that Defendant breached the contract by not fully compensating it for damages allegedly suffered during Hurricane Irma. Plaintiff seeks money damages suffered because of this alleged breach of contract.

Defendant filed an Answer, which also advances eighteen affirmative defenses.

Plaintiff now asks this Court to strike all eighteen of Defendant's affirmative defenses.

## II.    Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "Courts 'have broad discretion when considering a motion to strike,' however, 'striking defenses from a pleading' remains a 'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quoting *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013)).

Unlike the pleading requirements for a claim for relief under Federal Rule of Civil Procedure 8(a), which must comply with *Twombly* and *Iqbal*, when a party responds to a pleading, it must only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b); *see also Laferte v. Murphy Painters, Inc.*, Case No. 17-CIV-60375, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*" and "[t]he straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable defenses.").

### III. Analysis

As an overarching theme, Plaintiff seeks to strike all eighteen of Defendant's affirmative defenses because the defenses purportedly fail to allege any specific supporting facts or identify the relevance of the defense to the facts of the case. [ECF Nos. 12; 21]. Because of this deficiency, Plaintiff alleges all eighteen affirmative defenses fail to provide it with fair notice of each defense or the grounds upon which each defense rests. *Id.* Defendant argues that its defenses are sufficiently well pled to provide Plaintiff with notice as to the nature of each affirmative defense. [ECF No. 18].

The Undersigned disagrees with Plaintiff's assessment and finds that each affirmative defense is adequately alleged and provides sufficient notice to Plaintiff of the grounds upon which the defense rests. Because some affirmative defenses are similar in

pleading format and/or topic, I will, when able, address multiple affirmative defenses under the same heading.

    a. <u>Defendant's First Affirmative Defense</u>

As its first affirmative defense, Defendant claims that "Plaintiff's complaint fails to state a claim against Rockhill upon which relief can be granted." [ECF No. 5]. Plaintiff contends that this defense alleges only a defect in its claim and does not meet the confession and avoidance standard required for affirmative defenses. [ECF No. 12]. In its prayer for relief, Plaintiff asks the Court to either strike the defense or construe it as a specific denial. *Id*. Defendant, in its response, admits that "failure to state a claim upon which relief can be granted" is not an affirmative defense and asks the Court to treat the claim as a denial. [ECF No. 18].

In its reply, Plaintiff, citing Federal Rule of Civil Procedure 12(b)(6), raises for the first time, an argument that this affirmative defense must be made via motion before pleading. [ECF No. 21]. Plaintiff no longer requests alternative remedies, and instead seeks only to strike the affirmative defense. *Id.*

The Undersigned is not going to consider any arguments made for the first time in a reply memorandum. S. D. Fla. L. R. 7.1(c); *see Martinez v. Weyerhaeuser Mortgage Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) (refusing to consider new arguments raised in reply brief); *United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.");

4

*Miccosukee Tribe of Indians of Fla v. United States*, 574 F. Supp. 2d 1360, 1367-68 (S.D. Fla. 2008) *aff'd sub nom. Miccosukee Tribe of Indians of Florida v. United States*, 619 F.3d 1286 (11th Cir. 2010) (ignoring arguments in reply brief exceeding the scope of the motion and response).

Federal Rule of Civil Procedure 12(h)(2)(A) allows "[f]ailure to state a claim upon which relief can be granted . . . [to] be raised in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2)(A); *see also* Fed. R. Civ. P. 7(a) (including "an answer to a complaint" as an allowable pleading). However, this type of negative averment, while permissible, is not an affirmative defense. *Flav–O–Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988) (a defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense).

"When this occurs, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (citing *Ohio Nat'l Life Assur. Corp. v. Langkau*, No. 3:06-CV-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug.15, 2006)); *see also Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1–2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single

5

reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

Therefore, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike Defendant's first affirmative defense and treat the defense as a denial. *See Alhassid v. Bank of America*, No. 14-CIV-20484, 2015 WL 11216747, at *4 (S.D. Fla. Jan. 27, 2015) (denying motion to strike and treating affirmative defense of "failure to state a claim" as a specific denial).

    b. <u>Defendant's Second Through Eighth Affirmative Defenses</u>

Defendant's second through eighth affirmative defenses each focus on a specific policy exclusion of the insurance policy at issue. [ECF No. 5]. Plaintiff's argument in support of striking these defenses is that Defendant fails to explain how or why the damages are excluded under the Policy. [ECF No. 12]. Defendant responds that, by pointing Plaintiff to the specific policy provision on which each affirmative defense is based, it has provided fair notice that it believes some or all of the damages to Plaintiff's building were caused by one of these excludable causes. [ECF No. 18]. The Undersigned agrees that affirmative defenses two through eight provide Plaintiff with sufficient notice and should not be stricken.

Each of Defendant's "policy exclusion" affirmative defenses follow the same general format. Defendant begins by stating "Plaintiff's complaint is barred by the terms, conditions, limitations and exclusions contained in the Rockhill policy. This includes, but

6

is not limited to the following: . . ." *See* [ECF No. 5]. After this introductory statement, Defendant then quotes the specific exclusion upon which each discrete affirmative defense relies (e.g., flood damage, rust or other corrosion, faulty workmanship, etc.). *Id.*

It is a valid affirmative defense to claim damages are nonrecoverable based on a policy exclusion. *Pac. Ins. Co. v. Aviara Homeowners Ass'n*, No. 10-80277-CIV, 2011 WL 13227743, at *3 (S.D. Fla. Jan. 24, 2011) (citing Florida law with approval to state "that a defense based on a policy exclusion ordinarily should be raised as an affirmative defense").

Plaintiff directs the Court's attention to *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 06-81108-CIV, 2007 WL 1364334 (S.D. Fla. May 8, 2007), which struck an affirmative defense stating, "the damages alleged in the Plaintiff's Complaint are not covered under the provisions of the subject insurance policy, in whole or in part, and/or are excluded from coverage, in whole or in part, pursuant to various exclusions contained within the policy." 2007 WL 1364334, at *2. The affirmative defense struck in *Meridian* is markedly dissimilar to the affirmative defenses found in the instant answer.

In contrast to *Meridian*, each of Defendant's "policy exclusion" affirmative defenses provide the specific policy provision upon which the defense is based. This level of specificity is all that is needed. *See Bartram, LLC v. Landmark Amer. Ins. Co.*, No. 10-cv-28, 2010 WL 4736836, at *6 (N.D. Fla. Nov. 16, 2010) (denying motion to strike affirmative

7

defense which stated the plaintiff's claim was subject to policy exclusions and then quoted the specific policy exclusion).

Therefore, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike affirmative defenses two through eight.

c. Defendant's Ninth Through Fourteenth Affirmative Defenses

Affirmative defenses nine through fourteen share the same format as affirmative defenses two through eight. However, instead of alleging that damages are precluded based on policy exclusions, affirmative defenses nine through fourteen allege damages are precluded based on Plaintiff's failure to comply with the terms and conditions of the policy.

Defendant begins by stating: "Plaintiff's complaint is barred due to plaintiff's failure to comply with the terms and conditions contained in the Rockhill policy. Rockhill was prejudiced by plaintiff's failure to comply with these terms and [sic] including, but not limited to the following: . . ." *See* [ECF No. 5]. Defendant follows this introductory statement with a quote from the portion of the policy with which it alleges Plaintiff did not comply. *Id*.

Plaintiff's argument for dismissal for these affirmative defenses is similar to its argument for dismissal of affirmative defenses two through eight. Plaintiff adds in the additional topic-specific argument that Defendant is required to "plead and prove" prejudice to adequately assert a violation of a post-loss condition defense. As can be seen

from the language of each individual affirmative defense, Defendant has pled prejudice. Defendant, at this stage, is not yet required to *prove* prejudice and the cases cited by Plaintiff address summary judgment standards, not pleading standards.

The Undersigned incorporates the previous analysis regarding affirmative defenses two through eight and finds affirmative defenses nine through fourteen are valid affirmative defenses and adequately pled. *See Oceanside Plaza Condo. Ass'n, Inc. v. QBE Specialty Ins. Co.*, No. 14-20894-CIV, 2014 WL 11961965, at *2 (S.D. Fla. June 16, 2014) (denying motion to strike affirmative defense that the plaintiff violated the post-loss conditions where the defendant identified specific provision of the policy and claimed the plaintiff violated the provision).

For these reasons, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike affirmative defenses nine through fourteen.

d. Defendant's Fifteenth Affirmative Defense

In this affirmative defense, Defendant claims that Plaintiff's covered damages are less than the policy's hurricane deductible. Plaintiff argues that this is not an affirmative defense and, if it is not stricken, then it should be treated as a denial.[1] [ECF No. 12]. Defendant, in its response, implicitly concedes that this is not an affirmative defense and, instead, is a denial.

---

[1] In its reply, Plaintiff adds the additional argument of redundancy. [ECF No. 21]. As stated previously, the Court will not consider arguments raised for the first time in a reply.

9

Plaintiff's argument that, as pled, this affirmative defense is a bare bones conclusory allegation that fails to notify Plaintiff of the deficiencies in the Complaint is unavailing. Plaintiff takes issue with the fact Defendant did not identify a particular allegation for which the affirmative defense is meant to pertain. This is a single count complaint. Plaintiff would be hard-pressed to allege prejudice because it doesn't know to which cause of action Defendant's affirmative defense is referring.

The Undersigned agrees that a covered-damages-are-less-than-the-deductible affirmative defense should be treated as a denial. *Pac. Ins. Co. v. Aviara Homeowners Ass'n*, No. 10-80277-CIV, 2011 WL 13227743, at *3 (S.D. Fla. Jan. 24, 2011) ("[T]o the extent Plaintiff asserts that Defendant's claims are barred for covered damage that does not exceed the deductible, the Court will treat such assertion as a denial that Plaintiff has breached the Policy."); *Square at Key Biscayne Condo. Ass'n., Inc. v. Scottsdale Ins. Co.*, No 13-24222-CIV, 2014 WL 11946880, at *2 (S.D. Fla. Mar. 28, 2014) (declining to strike an affirmative defense that damages did not exceed the deductible).

Therefore, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's request to strike Defendant's fifteenth affirmative defense.

e. <u>Defendant's Sixteenth Affirmative Defense</u>

Defendant's sixteenth affirmative defense states that "[a]ny damage sustained to the interior of the subject property was outside the scope of the Rockhill policy." [ECF No. 5]. Plaintiff's arguments in favor of striking this affirmative defense are strikingly

10

similar to those raised in support of striking Defendant's other affirmative defenses. *See* [ECF No. 12]. Defendant, likewise, raises the same rebuttal arguments and claims it has given Plaintiff sufficient notice. *See* [ECF No. 18].

The Undersigned agrees that Defendant has provided Plaintiff with sufficient notice of its affirmative defense and adequately pled the defense with specificity. It is not as if Defendant stated, "Rockhill did not breach the contract because it complied with the Policy." Instead, Defendant's affirmative defense is tailored to damages which it alleges are specifically excludable under the policy. If Plaintiff thinks Defendant cannot *prove* this affirmative defense, then it can raise the issue at the summary judgment stage.

For these reasons, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike Defendant's sixteenth affirmative defense.

f. Defendant's Seventeenth Affirmative Defense

As its seventeenth affirmative defense, Defendant states that "[a]ny recovery by plaintiff from another insurance provider should be off-set as applicable." [ECF No. 5]. Plaintiff argues that this affirmative defense "simply contemplates the potential existence of a speculative defense." [ECF No. 12]. Defendant responds that, under Florida law, it is required to raise this defense, or it will be precluded from presenting it during the case. [ECF No. 18].

Defendant cites *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002), which establishes the necessity of pleading "other insurance" language as an

11

affirmative defense. Plaintiff argues that *Coucher* does not "hold that a 'set-off' affirmative defense is appropriate" and that *Coucher* requires the defense of other insurance to be "specifically ple[d]." [ECF No. 21]. Contrary to Plaintiff's recitation, the *Coucher* Court states "the 'other insurance' clause of the [policy] is an affirmative defense, and the failure to plead it . . . [results] in a waiver. 837 So. 2d at 487. Moreover, the *Coucher* Court required the defense to be "specifically *raised* in the pleadings" not specifically *pleaded* with the additional level of specificity that Plaintiff desires. *Id.* at 487 (emphasis added).

Indeed, Plaintiff's argument for more specificity has already been rejected by other courts in this district. *Square at Key Biscayne Condo. Ass'n., Inc. v. Scottsdale Ins. Co.*, No 13-24222-CIV, 2014 WL 11946880, at *2 (S.D. Fla. Mar. 28, 2014) (rejecting the plaintiff's argument that the defendant's affirmative defense does "not allege the existence of an actual defense, but rather contemplates a potential and speculative defense" when the defendant stated that it "[a]ffirmatiely [ ] alleges that it is entitled to a set[–]off for any amount that is payable through any other source, including, but not limited to, other insurance that [Plaintiff] or preceding owners had on the subject property" (alterations in original)).

This defense adequately puts Plaintiff on notice that Defendant intends to offset any recovery Plaintiff received from other insurance. Therefore, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike Defendant's seventeenth affirmative defense.

12

g. <u>Defendant's Eighteenth Affirmative Defense</u>

As its final affirmative defense, Defendant claims "[a]ny recovery by plaintiff must be reduced to the extent plaintiff failed to mitigate, minimize or avoid the damages." [ECF No. 5]. Plaintiff's argument in favor of striking this affirmative defense is the same as its earlier argument in support of striking Defendant's seventeenth affirmative defense. [ECF No. 12]. Defendant responds that it is a proper affirmative defense. [ECF No. 18]. Plaintiff agrees but claims Defendant has failed to properly plead the defense. [ECF No. 21].

The purpose of the pleading requirements in Federal Rule of Civil Procedure 8(c) is to put the opposing side on notice of additional issues. *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) ("[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988))).

Defendant's affirmative defense tells Plaintiff that it will seek to reduce Plaintiff's damages to the extent Plaintiff failed to mitigate, minimize, or avoid the damages. The Undersigned agrees with Defendant that no additional information is needed: the affirmative defense is tied to a specific cause of action (the only cause of action) and provides Plaintiff with sufficient notice of the additional issue.

For the foregoing reasons, the Undersigned **respectfully recommends** the District Court **deny** Plaintiff's motion to strike Defendant's eighteenth affirmative defense.

## IV. Conclusion

Each of Defendant's affirmative defenses places Plaintiff on notice of the additional issue Defendant is raising, as well as the subject of the issue (i.e., liability, damages, etc.). Since there is only one count in the Complaint, each affirmative defense also notifies Plaintiff of the allegation (the single count) to which it pertains. Moreover, except for affirmative defenses one and fifteen (which the Undersigned recommends treating as denials), all affirmative defenses pled by Defendant are legitimate affirmative defenses. Based on these general principles and the more-individualized analysis above, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to strike Defendant's eighteen affirmative defenses.

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on November 15, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record