United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Isola Condominium Association, Inc., Plaintiff, <br><br> v. <br><br> Rockhill Insurance Company, Defendant. | Civil Action No. 21-23114-Civ-Scola |

## Order Denying Motion to Compel Appraisal

In this case, Plaintiff Isola Condominium Association, Inc., seeks compensation from its insurer, Defendant Rockhill Insurance Company, for damages it says it suffered as a result of Hurricane Irma in September 2017. (Compl., 1-1, 13.) Now before the Court is Isola's motion to compel an appraisal and to stay or abate this action, pending the appraisal. (Pl.'s Mot. to Compel, ECF No. 9.) Rockhill objects to the request, complaining (1) an appraisal cannot be pursued in conjunction with a complaint seeking a remedy at law and (2) Isola cannot look to the policy's appraisal provision because it has not complied with the policy's conditions precedent. (Def.'s Resp., ECF No. 17.) Isola has timely replied. (Pl.'s Reply, ECF No. 19.) After review, the Court finds Isola has failed to establish its entitlement to an appraisal and, therefore, **denies** the motion, albeit **without prejudice** (**ECF No. 9**).

According to the parties' policy, if insured and insurer "disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss." (Pl.'s Mot. at 2 (quoting the policy, section 2, page 9).) Having reviewed the parties' pleadings and briefing on the motion to compel, the Court cannot discern that there is actually a disagreement as to the value of Isola's covered property or the amount of its covered loss and, if there is, what the precise contours of that disagreement are.

In its complaint, Isola says its building "suffered substantial damages as the result of Hurricane Irma" and that its insurance policy "provided coverage for all of the losses, damages, and expenses that [it] suffered and incurred." (Compl. ¶¶ 7–8.) Isola also alleges, vaguely, that Rockhill "admitted coverage for the damage to [Isola's] [p]roperty resulting from Hurricane Irma," but "failed to fully compensate [Isola] for the covered damages." (*Id.* ¶¶ 14–15.) These allegations imply the parties' dispute indeed involves a disagreement as to the amount or value of the loss. Similarly, in its motion, Isola references Rockhill's having

"admitted coverage for the damage" but determining that the amount of damages nevertheless fell below Isola's deductible. (Pl.'s Mot. ¶¶ 8, 16, 17.)

In its reply, however, Isola shifts gears and refers to Rockhill's acknowledging only "partial" coverage. (*E.g.*, Pl.'s Reply at 2.) Continuing, Isola concedes that Rockhill denied part of Isola's claim altogether, based on the policy's mold and flood exclusions. (*Id.* at 3.) That is, it was only the portion of Isola's claim that Rockhill found to be covered that failed to exceed the policy's deductible. (*Id.*) Underscoring the issue, Rockhill's responsive pleading and response to Isola's motion to compel impart the same impression: that much, if not all, of the parties' dispute is really about coverage and not the amount of loss. For example, Rockhill says it investigated Isola's claim and determined that a portion of it "was not covered due to the Rockhill policy's mold exclusion and flood exclusion." (Def.'s Resp. at 4.) Certainly, the difference between the amount of loss that Rockhill determined was covered—$ 51,940.51—and Isola's sworn proof of loss amount—over $8 million—signals, at least partially, a coverage dispute rather then a valuation disagreement. (*Compare id. with* Pl.'s Reply at 6–7.) To be sure, from Rockhill's perspective, Isola "has not provided all the documents Rockhill requested in order to determine *whether any of the damage to the property pre-existed Hurricane Irma and/or was caused by other, non-covered causes of loss.*" (Def.'s Resp. at 8 (emphasis added); *see also* Def.'s Am. Ans., ECF No. 31, 3 (denying that the policy covers all of Isola's losses and denying that Isola even suffered "substantial damages" as a result of Hurricane Irma).) And, even Isola, within its reply, indicates that it views Rockhill's response to its claim as a complete denial. (Pl.'s Reply at 3 (noting that Rockhill "effectively denied [Isola's] claim in its entirety") ("the denial letter to the Plaintiff simply denied Plaintiff['] s claim"); 4 ("the Insurance Company effectively denied Plaintiff's claim") (describing Rockhill's "previous denial of coverage").)

In sum, then, based on Isola's presentation, and in light of the record as a whole, the Court cannot determine whether there is actually a disagreement as to either the "value of the property" or the "amount of the loss" or whether, instead, the parties' dispute centers on issues of coverage—or perhaps some more complicated combination of the two. And, if the dispute is really only about coverage, it is not appropriate for resolution through an appraisal. *McPhillips v. Scottsdale Ins. Co.*, 2:18-CV-421-FTM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) ("Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question.") Accordingly, the Court **denies** Isola's motion, but **without prejudice** (**ECF No. 9**). Isola may renew its motion, but, in doing so, must specifically identify (1) exactly what property loss Rockhill has acknowledged coverage of; and (2) the parties' respective valuation of just the

loss that Rockhill has admitted is covered under the policy.[1] To be clear, "in evaluating the amount of loss, an appraiser is . . . tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.,* 162 So. 3d 140, 143 (Fla. 2d DCA 2014). And so, as a starting point, Isola first needs to establish what "covered damage" is actually at issue here and if there is, in fact, a dispute regarding the value of just that damage. Once that is clarified, the Court can evaluate whether Isola has properly invoked the appraisal provision. But, as the record stands now, the Court finds Isola has not sufficiently shown a disagreement as to either the value of the covered property or the amount of the covered loss.

**Done and ordered**, at Miami, Florida, on January 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The Court disagrees with Rockhill's position that a motion to compel an appraisal is improper in a case like this. (Def.'s Resp. at 9–10.) None of the cases Rockhill cites stand for the proposition that seeking an appraisal is impermissible in conjunction with a breach-of-contract claim. Accordingly, if Isola renews its motion to compel, Rockhill may not reargue that point. To the extent, however, that Rockhill believes its conditions-precedent arguments are still valid, it may readdress those issues, if applicable.